**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Sharon Zbikowski, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| TrueAccord Corp., a Delaware corporation, | ) ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Sharon Zbikowski, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Sharon Zbikowski ("Zbikowski"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to one of her creditors.

4.      Defendant, TrueAccord Corp. ("TrueAccord"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail, and/or email and/or the telephone to collect, or attempt to collect,

1

defaulted consumer debts. Defendant TrueAccord operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant TrueAccord was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.    Defendant TrueAccord is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, record from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant TrueAccord conducts business in Alabama.

**FACTUAL ALLEGATIONS**

6.    Due to financial difficulties, Plaintiff was unable to pay her debts, including a consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed to one of her creditors (likely, a Capital One debt). Sometime after this debt went into default it was obtained by the Defendant for collection.

7.    As is her right under the FDCPA, Ms. Zbikowski responded to Defendant's collection actions by sending TrueAccord letters on February 27, 2025, and March 3, 2025, directing Defendant not to contact her, via any method, between 8 am to 6 pm, as that time period was inconvenient due to her ongoing health issues. Copies of these letters are attached as Group Exhibit B.

8.    These letters were sent to Defendant TrueAccord via U.S. Mail, First Class postage pre-paid, to the address which TrueAccord has listed with the Nationwide Multistate Licensing System for consumer contact, see, NMLS Consumer Access report, attached as Exhibit C. These letters were not returned by the post office as undeliverable.

2

9. Undeterred, Defendant TrueAccord sent Ms. Zbikowski collection text messages, including but not limited to, a collection text message regarding payment of the debt on March 21, 2025, during the hours she told it not to contact her due to health issues. A screen print of this collection text message is attached as Exhibit D.

10. As a result of Defendant's failure to cease contacting Ms. Zbikowski regarding the debt at a time that is inconvenient for Ms. Zbikowski, she had to take the time and effort, and incur the expense ($260.68) to have her attorney send Defendant an additional letter, to re-assert her right not to be contacted by Defendant between 8 am and 6 pm. A copy of this letter is attached as Exhibit E.

**ARTICLE III STANDING**

11. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

12. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically, §1692c(a)(1) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that it is an inconvenient time for such contact.

13. Defendant's continued direct collection actions invaded Plaintiff's right to be left alone during a time that was unsuitable for her health, and intruded upon her seclusion; Defendant's actions were a direct invasion of Ms. Zbikowski's legally-protected right to be left alone and her right to privacy – rights granted to consumers

3

under the common law and § 1692c of the FDCPA, see, Persinger v. Southwest Credit Systems, 20 F.4th 1184, 1191-93 (7th Cir. 2021); Lupia v. Medicredit, 8 F.4th 1184, 1191-92 (10th Cir. 2021); see also, Gadelhak v. AT&T Services, 950 F.3d 458, 461-62 (7th Cir. 2020).

14.    Defendant's collection actions alarmed, confused, and emotionally distressed Ms. Zbikowski, invaded her privacy, intruded upon her seclusion, and cost her time, effort and/or expense to try and stop Defendant's improper collection actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, 60 F.4th 642, 649 (11th Cir. 2023).

15.    Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

**Violation of § 1692c(a)(1) Of The FDCPA --**
**Communicating With a Consumer At An Unusual Time Or Place**
**Known To Be Inconvenient To The Consumer**

16.    Section 1692c of the FDCPA prohibits a debt collector from communicating with a consumer at any unusual time or place, or a time or place known, or which should be known to be inconvenient to the consumer, see, 15 U.S.C. § 1692c(a)(1).

17.    Here, Defendant knew that Ms. Zbikowski did not want to be contacted – via text message or any other form of communication about the debt between 8 am and 6 pm, because the letters that Ms. Zbikowski wrote to Defendant (Group Exhibit B) told it so. By contacting her via text message within that inconvenient time frame (Exhibit D), Defendant violated § 1692c of the FDCPA.

18.    Defendant's violation of § 1692c(a)(1) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Sharon Zbikowski, prays that this Court:

1.       Find that Defendant's collection practices violate the FDCPA;

2.       Enter judgment in favor of Plaintiff Zbikowski and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.       Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sharon Zbikowski, demands trial by jury.

Sharon Zbikowski,

By: <u>s/ David J. Philipps_____</u>
One of Plaintiff's Attorneys

Dated:  April 2, 2025

David J. Philipps     (AL Bar No. 4240-J13P)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Thomas F. Sykstus  (AL Bar No. ASB-1535l22-J)
Bond, Botes, Sykstus & Tanner, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
rsykstus@bondnbotes.com
tsykstus@bondnbotes.com